# MEMORANDA

# CASES NOT REPORTED IN FULL.

JAMES R. CHAPMAN AND ORTON J. BROWN, APPELLANTS, v. GERTRUDE FONDA, ADMINISTRATRIX, OF LEWIS P. CLOSE, ETC., RESPONDENT.

*Statute of limitations— Code of Civil Procedure, § 403 — the extension of one year given by the last clause of it is not applicable to a case where the letters were not issued until after the claim was barred.*

APPEAL from an order of the county judge of Saratoga county, acting as surrogate, allowing the claim by the respondent against the estate of Lewis P. Close, deceased, and ordering a sale of his real estate to pay the same.

Close died November 30, 1872, intestate. No letters of administration were issued until December 30, 1879, when they were issued to the respondent as a creditor of Close. The petition in this proceeding was presented April 6, 1880. Maria A. Root was the sole child and heir-at-law of the deceased. On the 16th of May, 1874, she executed a mortgage which covered the premises to Orton J. Brown. On the 1st of May, 1875, she executed another to the same person, and on the 29th of April, 1876, a third. On the 30th of May, 1876, she executed a fourth mortgage to J. H. Walbridge on the same premises. These were all recorded about their dates. Two of them are in process of foreclosure and a receiver is in possession. The mortgagee, Brown, had no knowledge when he took his mortgages that there was any claim against the estate of Close.

The main question involved in this case, as to the right of the respondent to cut off the rights of the mortgagees by a sale, and as to whether or not a mortgage was a conveyance within, and was protected by chapter 845 of 1869, as amended by chapter 211 of 1873, was considered by this General Term in the case of *Fonda* v. *Chapman*, decided in November, 1880, and reported in 23 Hun, 119.

After affirming the conclusions reached in that case, the court at General Term said : " The later of the notes was dated January 16, 1872, payable one day after date. Assuming then that the cause of action accrued January 20, 1872, the ordinary limitation of six years would require that the action be brought on or before January 20, 1878. Section 403, Code of Civil Procedure, says that eighteen months after death are not a part of the time limited. This extends the time to July 20, 1879. Then that same section says that if letters are not issued at least six months before the expiration of the time to bring the action, as extended above, the term of one year after letters are issued is not a part of the time.

Now, in the present case, letters were not issued *at any time* before the expiration of the time to bring the action, but were issued December 20, 1879. The administratrix construes this part of section 403 as applying as well to a case where letters are issued *after* the expiration of the time to bring the action, as to a case where they are issued within six months *prior* to such expiration. That is, the administratrix claims that after six years have expired from the time when the cause of action arose, and eighteen months more, if at any time thereafter, be it twenty years, letters are issued, a creditor has one year thereafter in which to sue. This is to hold that after the limited time has once expired, the issue of letters gives a right of action for one year thereafter. We do not think that this is the true construction, and in this present case, inasmuch as the seven years and six months had expired before letters were issued, we think that the issue of letters did not give further time within which to sue. (*Sanford* v. *Sandford*, 62 N. Y., 553.)

The order should be reversed, with costs, against the administratrix personally.

*Putnam & Eustis*, for the appellants.

*Charles C. Lester*, for the respondent.

Opinion by LEARNED, P. J.; BOARDMAN, concurred; BOCKES, J., not acting.

Order of county judge, acting as surrogate, reversed, with costs, against administratrix personally.